(130 So. 901)

### THOMPSON v. STATE.

#### 4 Div. 687.

Court of Appeals of Alabama.

Nov. 18, 1930.

Marcus J. Fletcher, of Andalusia, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

The defendant was indicted in two counts. Count 1 charged the unlawful possession of a still, etc. Count 2 charged the unlawful manufacture of whisky, etc. Both counts sufficiently charged the crime for which it was designed. There was sufficient evidence to support a conviction as to count 1. There was no evidence to support a conviction as to count 2. The defendant requested affirmative charges as to each count, and each was refused. The refusal of the charge as to count 1 is admittedly free from error. The refusal to give the charge as to count 2 was error. The charge should have been given.

But the verdict of the jury, in response to the general charge of the court, was: "We the jury find the defendant guilty under the first count of the indictment and *not* guilty under the second count of the indictment." The judgment of conviction proceeded to a conclusion as to count 1. Whatever error there was in the action of the court in refusing to give the general charge as to the second count was cured by the verdict. The defendant received in the judgment every legal right to which he was entitled. If the court had given at his request the charge as to count 2, the result would have been the same. There is no error, and the judgment is affirmed.

Affirmed.

(130 So. 905)

### JACOBS v. STATE.

#### 4 Div. 761.

Court of Appeals of Alabama.

Nov. 18, 1930.

Sollie & Sollie, of Ozark, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J.

Our statutes are intended to make it very simple, and easy, to institute and prosecute a charge against one on account of an alleged violation of the laws prohibiting the sale, etc., of intoxicating liquors, etc. As illustrative of this, see Code 1923, § 4646.

But in the instant case there was no affidavit, nor indictment, charging the appellant with the offense for which he was convicted, nor with any offense. We can find nowhere any provision of law whereby the judgment of conviction can be sustained. It is accordingly reversed, and the cause remanded.

Reversed and remanded.